IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENNETH WAYNE SIMPSON, #29932** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Case No.   12-cv-185-MJR |
| vs. | ) |
| | ) |
| **ROBERT HERTZ, DONALD BUNT, DAVID BLANKENSHIP, and BOBBI UNFRIED,** | ) |
| | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Kenneth Wayne Simpson, currently detained at the Madison County Jail, filed this *pro se* civil rights action pursuant to **42 U.S.C. § 1983**.  Simpson challenges the conditions of his detention, alleging that he has not received adequate access to medical care for follow-up treatment of a finger ailment. At some time in the past, Simpson injured the pinkie finger on his left hand.  He suffered another injury to the left hand and pinkie finger on November 10, 2011.  While the new injury was treated by an orthopedic doctor and others, Simpson did not regain full use of his pinkie finger.  He seeks further care from a hand surgeon or an award of damages for pain, suffering, and the anticipated cost of hand surgery.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  The Court applies the same standard under § 1915A as when deciding a motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accepting Simpson's allegations as true, the Court finds that he has not articulated plausible federal claim against any defendant.

There is little practical difference between medical care claims brought pursuant to the

Fourteenth and Eighth Amendments. *Weiss v. Cooley*, 230 F.3d 1027 (7th Cir. 2000). A successful § 1983 claim based on a violation of the Eighth Amendment requires (1) objectively serious harm presenting a substantial risk to health or safety, and (2) the individual defendants responded with deliberate indifference to plaintiff's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In the medical care context, the allegations must plausibly suggest that Simpson's medical condition has been diagnosed by a physician as mandating treatment or is so obvious that a lay person would perceive the need for a doctor's attention. Subjectively, medical negligence does not suffice, yet intentional harm is not required. It is enough that a defendant knew of a substantial risk of harm and disregarded the risk. *Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011).

The Court has considered allegations that Simpson has not received direct access to defendant Blankenship, the doctor in charge of medical care at the jail. The Court has also considered allegations that Simpson received x-rays, a splint, a cast, and other care from an outside orthopedic doctor, but has not been scheduled for consultation with a hand surgeon or physical therapist. Considering the allegations as a whole, they do not plausibly suggest both the objective and subjective elements as to any defendant.

Simpson has failed to state a federal claim for relief against defendants Robert Hertz, Donald Bunt, David Blankenship, or Bobbi Unfried. This action is DISMISSED with prejudice. A strike is assessed for purposes of 28 U.S.C. § 1915(g).

   SO ORDERED:  August 21, 2012  .

                                                   /s/Michael J. Reagan
                                         **MICHAEL J. REAGAN**
                                         **UNITED STATES DISTRICT JUDGE**